UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PISANI                    :
                                :
        v.                      :        C.A. No. 09-125S
                                :        C.A. No. 09-126S
FORD MOTOR COMPANY              :        C.A. No. 09-127S
GENERAL MOTORS                  :
DANIEL KING                     :

**REPORT AND RECOMMENDATION**
**FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

**Background**

Before this Court for determination is Plaintiff Carol Pisani's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP") (Document No. 2 in C.A. Nos. 09-125S and 09-127S and Document No. 3 in C.A. No. 09-126S) pursuant to 28 U.S.C. § 1915. On March 20, 2009, Plaintiff filed these three *pro se* Complaints against Ford Motor Company, General Motors and Daniel King. Piecing together the allegations from all three Complaints, it appears that Plaintiff voluntarily submitted an invention, called the Electronic Seatbelt, to General Motors. Although Plaintiff signed a release allowing General Motors to use her invention, Plaintiff claims General Motors shared trade secrets about her invention with Ford Motor Company and Daniel King, without her permission. Plaintiff's Complaints were accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fees. After reviewing Plaintiff's Applications, signed under penalty of perjury, this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Applications to

Proceed IFP (Document No. 2 in C.A. Nos. 09-125S and 09-127S and Document No. 3 in C.A. No. 09-126S) are GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaints *sua sponte* (on the Court's own motion) under 28 U.S.C. § l9l5(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, this Court recommends that Plaintiff's three Complaints be DISMISSED because they are "frivolous" and/or "fail[ ] to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Facts**

Plaintiff's Complaints are hand-written and, unfortunately, very confusing and poorly organized. According to her IFP Application, Plaintiff is not currently employed, has not been employed since 1989 and has a total of $121.47 in a single bank account. The cover page to each of the Complaints indicates that jurisdiction is based on diversity of citizenship and that the claims involve fraud and trade secrets.

In the body of the Complaints, Plaintiff indicates that she gave her invention to General Motors "for free" in 1998 but that they did not "have any right to steal [her] trade secrets." (Document No. 1 in C.A. No. 09-125S).  Plaintiff claims she submitted to the Company her "Electronic Seatbelt" invention, but that General Motors has its own "Belt Minder System" which is used in its Saturn brand cars. Plaintiff alleges that, "[o]n February 25, 2000, GM, Ford and Daimler Chrysler announced on the internet that they joined together to form a pact to share

their product ideas that they have in their files.  This is why I feel my Electronic Seatbelt invention was passed to Ford by General Motors because they all work together sharing product innovation."  (Document No. 1 in C.A. No. 09-126S)

Additionally, Plaintiff alleges that Daniel King, a "work for hire" employee of General Motors received her invention, misappropriated the invention and filed a patent for it on November 17, 2000.  (Document No. 1 in C.A. No. 09-126S). Plaintiff alleges that there was no inventor until Ford "assigned the invention to all these so-called work for hire inventors" like Mr. King.  Id.  Plaintiff indicates that Federal Jurisdiction is based upon 18 U.S.C. § 1001, R.I. Gen. Laws 6-41-2, and "breach of trust civil code # 1573".

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § l9l5(e)(2)(B)(ii).  The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see

Street v. Vose, 936 F.2d 38, 39 (1ˢᵗ Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint.  See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5ᵗʰ Cir. 1986).

**Discussion**

In reviewing Plaintiff's Complaints, this Court has taken all of her allegations contained therein as true and has drawn all reasonable inferences in her favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant.  See Haines v.Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to the facts alleged in Plaintiff's Complaints, Plaintiff fails to state a claim on which relief can be granted, and her Complaints therefore must be dismissed.

First, the Court considers whether it has subject matter jurisdiction to hear this case. Plaintiff states that one of her bases for jurisdiction is 18 U.S.C. § 1001, but Plaintiff lacks standing to bring a claim under that statute, the federal false statement statute, which is a section of the United States Code concerning criminal acts.  See Phelps v. Channel, No. 06-40282, 2007 WL 2827465, *2 (D. Mass. Sept. 26, 2007) (noting that there is no private right to enforce 18 U.S.C. § 1001); Faraldo v. Kessler, No. 08-261, 2008 WL 216608 (S.D.N.Y. Jan. 23, 2008) (same).  Accordingly, Plaintiff's fraud claims under 18 U.S.C. § 1001 (a criminal statute) must be dismissed because she lacks standing to prosecute such claims.

There are only two remaining bases offered by Plaintiff for this Court's jurisdiction.  The first, "Breach of Trust-Civil Code #1573" is not a federal statute and Plaintiff does not identify the origin of this Code provision, and thus it does not state a cognizable basis for the Court to

exercise subject matter jurisdiction.  The second basis offered is the Uniform Trade Secrets Act, R.I. Gen. Laws § 6-41-2.  Although a cognizable claim could exist under the Uniform Trade Secrets Act, Plaintiff's various claims do not survive under the Act's statute of limitations. Pursuant to R.I. Gen. Laws § 6-41-6, "[a]n action for misappropriation must be brought within three (3) years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered."   In this case, Plaintiff claims that the alleged sharing and misappropriation of her invention between Ford and General Motors occurred in 2000, when the companies apparently agreed to work together and share information and publicly announced that "agreement" on the Internet.  Moreover, Plaintiff claims that Defendant King filed for an application for a patent in November 2000.  Plaintiff filed her Complaints on March 23, 2009, over eight years after she claims that General Motors shared her information with Ford in violation of the Uniform Trade Secrets Act.  Similarly, over eight years have passed since Mr. King filed a patent application which Plaintiff challenges through this action.  Because both of these events fall well outside the three-year limitations period set forth in the statute, Plaintiff's claims under the Uniform Trade Secrets Act are time-barred.  With no remaining bases for this Court to exercise federal subject matter jurisdiction over this matter, I recommend that Plaintiff's Complaints in C.A. Nos. 09-125S, 09-126S and 09-127S be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v.

Valencia-Copete, 792 F.2d  4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616

F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 22, 2009